United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Irwin Berkowitz, derivatively on behalf of nominal defendant Affymetrix, Inc.,<br><br>             Plaintiff,<br>   v.<br><br>Stephen P.A. Fodor, et al.,<br><br>             Defendants,<br><br>   and<br><br>Affymetrix, Inc.,<br><br>             Nominal Defendant. | NO. C 06-05353 JW<br><br>Related Case No. C 06-5634 JW<br><br>**ORDER CONSOLIDATING CASES; APPOINTING LEAD PLAINTIFFS AND LEAD COUNSEL; SETTING BRIEFING SCHEDULE** |

**I. INTRODUCTION**

There are currently two related shareholders' derivative actions (the "Related Derivative Cases") on behalf of nominal defendant Affymetrix, Inc. ("Affymetrix") pending before the Court.[1] Presently before the Court is Plaintiffs Irwin Berkowitz and Samuel D. Powers' Motion to Consolidate Related Cases, Appoint Lead Plaintiff and Lead Counsel, and Set Briefing Schedule. (hereafter "Motion," Docket Item No. 16.) The Court found it appropriate to take the motion under submission without oral argument. See Civ. L. R. 7-1(b). Based on the papers filed to date, the Court ORDERS (1) the Related Derivative Cases consolidated; (2) Irwin Berkowitz and Samuel D.

---

[1] The Related Derivative Cases are: Berkowitz v. Fodor, et al., C 06-5353 (filed Aug. 30, 2006) and Powers v. Fodor, et al., C 06-05634 (filed Sept. 15, 2006).

Powers appointed Lead Plaintiffs; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin & Barroway LLP appointed Lead Counsel.

## II.  BACKGROUND

On August 30, 2006, Irwin Berkowitz ("Berkowitz") filed the first shareholders' derivative complaint on behalf of Affymetrix alleging that certain of the company's officers and directors wrongfully diverted millions of dollars to themselves through a stock option backdating scheme. On September 13, 2006, Samuel D. Powers ("Powers") also filed a derivative action on behalf of Affymetrix alleging the same type of misconduct and harm. On October 20, 2006, the Court found that these derivative actions were related within the meaning of Civil Local Rule 3-12(a). (See Related Case Order, Docket Item No. 19.) On October 13, 2006, Berkowitz and Powers filed a motion to consolidate the Related Derivative Actions and to appoint themselves as Lead Plaintiffs and Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin & Barroway LLP (collectively "Lerach and Schiffrin") as Lead Counsel.[2] To date, no oppositions have been filed to the motion.

## III.  DISCUSSION

**A.     Consolidation of the Related Derivative Cases**

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S.,743 F.2d 703, 704 (9th Cir. 1984).

Having reviewed the complaints filed in the Related Derivative Cases, the Court finds that the two cases involve virtually identical factual and legal issues. The core issue of both cases is whether executives at Affymetrix breached their fiduciary duties when they backdated stock options that were granted to them between 1998 and 2002. Given these similarities and the lack of any

---

[2] This motion also sought to relate the cases, which the Court ordered prior to considering whether the cases should be consolidated.

2

apparent inconvenience, delay, or expense that would result from bringing these cases together, the Court finds that consolidation of the Related Derivative Cases is appropriate.

**B.     Appointment of Lead Plaintiffs**

According to Federal Rule of Civil Procedure 23.1, a plaintiff in a shareholders' derivative action must "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association." Factors courts have considered in analyzing a plaintiff's fitness to be lead plaintiff include: (1) whether the plaintiff held shares during the relevant time period; (2) whether the plaintiff is represented by capable counsel; and (3) whether the plaintiff is subject to any unique defense that would frustrate appointment. See Horn v. Raines, 227 F.R.D. 1, 3 (D. D.C. 2005); Millman v. Brinkley, Nos. 03-cv-3831, 03-cv-3832, 03-cv-0058, 2004 WL 2284505, at *3 (N.D. Ga. Oct. 1, 2004).

In their respective Complaints, Plaintiffs Berkowitz and Powers allege that they were at all relevant times shareholders of Affymetrix. These applicants have also retained competent and experienced counsel and do not appear to be subject to any unique defenses. The Court does not find any other factors against establishing the proposed leadership structure. Accordingly, appointment of Plaintiffs Berkowitz and Powers as Lead Plaintiffs is appropriate.

**C.     Appointment of Lead Counsel**

Plaintiffs Berkowitz and Powers have agreed that Lerach and Schiffrin should be appointed Lead Counsel. Given these firms' experience with similar shareholder actions, the Court finds it appropriate to appoint Lerach and Schiffrin as Lead Counsel.

**IV.  CONCLUSION**

The Court ORDERS (1) the Related Derivative Cases consolidated; (2) Irwin Berkowitz and Samuel D. Powers appointed Lead Plaintiffs; and (3) Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin & Barroway LLP appointed Lead Counsel.

3

1   The Clerk shall consolidate these actions such that the earlier filed action, C 06-05353 JW, is
2 the lead case. All future filings shall be filed in C 06-05353 JW and bear the caption: "In Re
3 Affymetrix Derivative Litigation."

4   Lead Plaintiffs shall file a Consolidated Complaint no later than January 10, 2007.
5 Defendants shall file an answer or a motion to dismiss no later than February 19, 2007. The
6 opposition to Defendants' motion to dismiss is due on April 2, 2007. Defendants' reply is due April
7 23, 2007. A hearing on the motion to dismiss is set for **May 14, 2007 at 9:00 a.m.**

8   Pursuant to the Private Securities Litigation Reform Act of 1995, the Court ORDERS all
9 discovery STAYED pending Defendants' anticipated motion to dismiss. See In re Altera Corp.
10 Derivative Litigation, 06-03447 JW, 2006 WL 2917578 (N.D. Cal. Oct. 11, 2006).

11   In addition, the parties shall select an ADR process within sixty (60) days of this Order. The
12 parties may stipulate to conducting certain discovery in order to facilitate the ADR process.

14 Dated: November 20, 2006

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alan R. Plutzik aplutzik@bramsonplutzik.com
Arthur Joseph Burke arthur.burke@dpw.com
Eric L. Zagar ezagar@sbclasslaw.com
Kathryn A. Schofield kschofield@bramsonplutzik.com
L. Timothy Fisher ltfisher@bramsonplutzik.com

Dated:  November 20, 2006                    Richard W. Wieking, Clerk

                                                   **By:   /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California